# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **CIMBERLY COVINGTON,** <br><br> **Plaintiff,** <br><br> v. <br><br> **CAROLYN W. COLVIN, Acting Commissioner of Social Security,** <br><br> **Defendant.** | **MEMORANDUM DECISION AND ORDER** <br><br><br> Case No. 2:13-cv-849-PMW <br><br><br> Magistrate Judge Paul M. Warner |

Before the court is Cimberly Covington's ("Plaintiff") appeal of the Commissioner's final decision determining that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, *see* 42 U.S.C. §§ 401-434, and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, *see id*. §§ 1381-1383f. After careful consideration of the written briefs and the complete record, the court has determined that oral argument is not necessary in this case.

## BACKGROUND

Plaintiff alleges disability due to various physical and mental impairments. On January 28, 2010, Plaintiff applied for DIB and SSI, alleging disability beginning on September 1, 2007.[1] Plaintiff's application was denied initially and upon reconsideration.[2] On January 10, 2011,

---

[1] *See* docket no. 9, Administrative Record ("Tr. ____") 135-148.

[2] *See* Tr. 100-103.

Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"),[3] and that hearing was held on December 8, 2011.[4]  On December 22, 2011, the ALJ issued a written decision denying Plaintiff's claim for DIB and SSI.[5]  On May 13, 2013, the Appeals Council denied Plaintiff's request for review,[6] making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  See 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481.

On September 16, 2013, Plaintiff filed her complaint in this case, which was assigned to Chief District Judge David Nuffer.[7]  On September 17, 2013, Chief Judge Nuffer referred the case to Magistrate Judge Paul M. Warner under 28 U.S.C. § 636(b)(1)(B).[8]  The Commissioner filed her answer on December 3, 2013,[9] and the Administrative Record on December 4, 2013.[10]

On April 14, 2014, both parties consented to a United States Magistrate Judge conducting all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[11]  Consequently, the case was reassigned to Magistrate

---

[3] *See* Tr. 118-119.

[4] *See* Tr. 32-67.

[5] *See* Tr. 12-31.

[6] *See* Tr. 6-11.

[7] *See* docket no. 2.

[8] *See* docket no. 4.

[9] *See* docket no. 7.

[10] *See* docket no. 9.

[11] *See* docket nos. 15-16.

Judge Warner pursuant to 28 U.S.C. § 636(c) and rule 73 of the Federal Rules of Civil Procedure.[12]  *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

Plaintiff filed her opening brief on April 21, 2014.[13]  The Commissioner filed her answer brief on May 15, 2014.[14]  Plaintiff filed her reply brief on June 2, 2014.[15]

## **STANDARD OF REVIEW**

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted).  The Commissioner's findings, "if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted).  "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted).  "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

---

[12] *See id*.

[13] *See* docket no. 18.

[14] *See* docket no. 20.

[15] *See* docket no. 21.

A five-step evaluation process has been established for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process). If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(i)-(ii), 416.920(a)(4)(i)-(ii).

"Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity . . . . If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ." *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). At the fourth step, the claimant must show that the impairment prevents performance of his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). "If the claimant is able to perform his previous work, he is not disabled." *Williams*, 844 F.2d at 751. If, however, the

claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability." *Id*.

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step." *Id*. At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine "whether the claimant has the residual functional capacity [("RFC")] . . . to perform other work in the national economy in view of his age, education, and work experience." *Id*.; *see* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  If it is determined that the claimant "can make an adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is not disabled.  If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is disabled and entitled to benefits.

## ANALYSIS

In support of her claim that the Commissioner's decision should be reversed, Plaintiff argues that the ALJ erred:  (1) in his assessment of certain medical opinions, (2) in his evaluation of Plaintiff's credibility, (3) in his assessment of Plaintiff's RFC, and (4) by failing to consider the effects of Plaintiff's obesity.  The court will address those arguments in turn.

### I. Medical Opinions

Plaintiff first argues that the ALJ erred his evaluation of certain medical opinions.

> In deciding how much weight to give a treating source opinion, an ALJ must first determine whether the opinion qualifies for controlling weight.  To make this determination, the ALJ . . . must first consider whether the opinion is well[ ]supported by medically acceptable clinical and laboratory diagnostic techniques.  If the answer to this question is "no," then the inquiry at this stage is complete.  If the ALJ finds that the opinion is well[ ]supported, he must then confirm that the opinion is consistent with other

5

> substantial evidence in the record. If the opinion is deficient in either of these respects, then it is not entitled to controlling weight.
>
> Even if a treating physician's opinion is not entitled to controlling weight, treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in [20 C.F.R. §§ 404.1527 and 416.927]. Those factors are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.
>
> Under the regulations, the agency rulings, and [Tenth Circuit] case law, an ALJ must give good reasons . . . for the weight assigned to a treating physician's opinion . . . that are sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reason for that weight. If the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so.

*Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004) (quotations and citations omitted) (sixth alteration in original); *see also* 20 C.F.R. §§ 404.1527(c), 416.927(c).

An ALJ is not required to discuss every factor set forth in the relevant regulations. *See Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007) (stating that when an ALJ does not discuss every factor, it "does not prevent this court from according his decision meaningful review"). As with other evidentiary matters, when an ALJ is considering medical opinion evidence, it is the ALJ's role to weigh and resolve evidentiary conflicts and inconsistencies *See, e.g.*, *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000); *Eggleston v. Bowen*, 851 F.2d 1244, 1247 (10th Cir. 1988).

6

Plaintiff argues that the ALJ erred (A) in his evaluation of the opinions of Dr. John H. Hardy ("Dr. Hardy"), (B) in his evaluation of the opinions of Dr. Junko McWilliams ("Dr. Williams") and Dr. Neil Novins ("Dr. Novins"), and (C) in his consideration of Plaintiff's Global Assessment of Functioning ("GAF") scores.

### A.  Dr. Hardy

In this case, the ALJ relied upon proper factors to support the conclusion that Dr. Hardy's opinions were entitled to reduced weight.  The ALJ properly relied upon the fact that Dr. Hardy had seen Plaintiff on only one occasion.  *See* 20 C.F.R. §§ 404.1527(c)(2)(i)-(ii), 416.927(c)(2)(i)-(ii).  The ALJ also properly relied upon the fact that Dr. Hardy's opinions were inconsistent with other evidence in the record.  *See* 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4).  Finally, the ALJ properly relied upon the fact that Dr. Hardy was not a treating source.  *See* 20 C.F.R. §§ 404.1527(c)(1)-(2), 416.927(c)(1)-(2).  Accordingly, the court concludes that the ALJ did not err in his evaluation of the opinions of Dr. Hardy.

### B.  Dr. McWilliams and Dr. Novins

It is true that the ALJ did not explicitly mention the opinions of either Dr. McWilliams or Dr. Novins in his decision.  However, it is clear from the ALJ's decision that he did consider the opinions of Dr. Nancy Cohn ("Dr. Cohn") and Dr. Susanne Thobe ("Dr. Thobe") and accorded them some weight.  It is noteworthy that Dr. Cohn's opinions fully endorse the opinions of Dr. McWilliams and that Dr. Thobe's opinions fully endorse the opinions of Dr. Novins.[16]  As such, it is implicit in the ALJ's decision that he also accorded the opinions of Dr. McWilliams and Dr.

---

[16] *See* Tr. 379-380.

Novins some weight. *See, e.g.*, *Lately v. Colvin*, 560 Fed. App'x 751, 754 (10th Cir. 2014) (concluding that it was harmless error when an ALJ failed to discuss a medical opinion because it was clear from the ALJ's decision that no weight was accorded to that opinion when no weight was accorded to a nearly identical opinion). It is also noteworthy that the ALJ provided legitimate reasons for the weight he assigned to the opinions of Dr. Cohn and Dr. Thobe and that Plaintiff has not challenged the ALJ's treatment of those opinions in her opening brief. For those reasons, the court concludes that the ALJ did not err in his treatment of the opinions of Dr. McWilliams and Dr. Novins.

### C. GAF Scores

Plaintiff argues that the ALJ erred in his consideration of Plaintiff's GAF scores. Plaintiff does not dispute that the ALJ addressed Plaintiff's GAF scores. However, Plaintiff contends that the ALJ's analysis of those scores was somehow deficient. As this court has noted, and as the ALJ correctly recognized, "[a] GAF score is a snapshot of a[n] individual's current condition and is not designed for adjudicative determinations." *Matheson v. Colvin*, No. 2:12-cv-00623-DBP, 2013 U.S. Dist. LEXIS 53347, at *8 n.2 (D. Utah April 12, 2013); *see also* Diagnostic and Statistical Manual of Mental Disorders (DSM-IV-R) at 32-34. For that reason, the ALJ concluded that the GAF scores were entitled to less weight than other substantial and more convincing evidence.

While Plaintiff clearly disagrees with the ALJ's conclusion in that regard, she has failed properly support her argument that the ALJ's analysis was deficient. Plaintiff has not provided any legal authority to support the argument that the ALJ was required to engage in a more detailed analysis of the GAF scores. Further, Plaintiff's argument appears to be that the GAF

scores should have received more weight. Rearguing the weight of the evidence before the ALJ is a futile tactic on appeal. *See Madrid*, 447 F.3d at 790. Indeed, it is the ALJ's role to weigh and resolve evidentiary conflicts and inconsistencies. *See Rutledge*, 230 F.3d at 1174; *Eggleston*, 851 F.2d at 1247. From an evidentiary standpoint, the only issue relevant to the court is whether substantial evidence exists in the record to support the ALJ's conclusions. *See Oldham*, 509 F.3d at 1257 (providing that the court reviewing the ALJ's decision reviews "only the sufficiency of the evidence, not its weight" (emphasis omitted)); *see also Lax*, 489 F.3d at 1084 ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. We may not displace the agenc[y's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." (quotations and citations omitted) (alteration in original)). For those reasons, the court concludes that the ALJ did not err in his consideration of Plaintiff's GAF scores.

## II. Credibility

Plaintiff argues that the ALJ erred in his credibility assessment. In general, "[c]redibility determinations are peculiarly the province of the finder of fact, and [this court] will not upset such determinations when supported by substantial evidence." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quotations and citation omitted). Although credibility determinations "should be closely and affirmatively linked to substantial evidence," *id*. (quotations and citation omitted), they "do[] not require a formalistic factor-by-factor recitation of the evidence." *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

Social Security Ruling ("SSR") 96-7p clarifies the standards an ALJ must apply when evaluating the credibility of an individual's statements, including his or her allegations of pain. *See* SSR 96-7p. In addition to the objective medical evidence, an ALJ should consider the following factors when assessing the credibility of an individual's statements:

1. The individual's daily activities;
2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;
3. Factors that precipitate and aggravate the symptoms;
4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

*Id.*; *see* 20 C.F.R. §§ 404.1529(c) 416.929(c); *see also Thompson v. Sullivan*, 987 F.2d 1482, 1489 (10th Cir. 1993).

In this case, the ALJ relied upon proper factors to support his determination that Plaintiff's statements about her alleged impairments and limitations were not entirely credible.

First, the ALJ properly relied upon the fact that the medical record contradicted Plaintiff's complaints concerning her physical and mental disabilities. *See* 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4); SSR 96-7p; *see also Huston v. Bowen*, 838 F.2d 1125, 1132 (10th Cir. 1988) (providing that an ALJ can consider "the consistency or compatibility of nonmedical testimony with objective medical evidence" when assessing credibility). Second, the ALJ properly relied upon the fact that Plaintiff made inconsistent statements about her physical and mental

functioning.  *See* SSR 96-7p ("One strong indication of the credibility of an individual's statements is their consistency, both internally and with other information in the case record."). Finally, the ALJ properly considered Plaintiff's daily activities in reaching the credibility determination in this case.  *See* 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i); SSR 96-7p.  To the extent that Plaintiff reargues the weight of the evidence before the ALJ on this issue, the court again notes that such a tactic must fail on appeal.  *See Oldham*, 509 F.3d at 1257; *Lax*, 489 F.3d at 1084; *Madrid*, 447 F.3d at 790; *Rutledge*, 230 F.3d at 1174; *Eggleston*, 851 F.2d at 1247.

The ALJ articulated sufficient reasoning and relied upon proper factors in determining that, overall, Plaintiff's testimony was not credible.  Furthermore, the court concludes that the ALJ's determination is "closely and affirmatively linked to substantial evidence."  *Kepler*, 68 F.3d at 391 (quotations and citation omitted).  Accordingly, the court concludes that the ALJ did not err in his assessment of Plaintiff's credibility.

### III.  RFC

Plaintiff argues that the ALJ erred in his assessment of Plaintiff's RFC.  Plaintiff first contends that ALJ's RFC assessment is deficient because it did not include certain limitations expressed in the opinions of Dr. Hardy, Dr. McWilliams, and Dr. Novins.  The court has already concluded that the ALJ did not err in his treatment of the opinions of those doctors.  Accordingly, this portion of Plaintiff's argument fails.

In the second portion of his argument, Plaintiff simply points to selective portions of the record to support the argument that her alleged limitations are greater than those contained in the RFC.  Such an argument is, again, nothing more than an attempt to have this court reweigh the

11

evidence before the ALJ and, as such, it must fail.  See *Oldham*, 509 F.3d at 1257; *Lax*, 489 F.3d at 1084; *Madrid*, 447 F.3d at 790; *Rutledge*, 230 F.3d at 1174; *Eggleston*, 851 F.2d at 1247.

### IV.  Obesity

Finally, Plaintiff argues that the ALJ erred by failing to analyze the effects of Plaintiff's obesity in determining Plaintiff's RFC.  The court disagrees.

As noted by the Commissioner, at step two of the sequential evaluation process, the ALJ determined Plaintiff's obesity was a severe impairment.  The ALJ then continued with the sequential evaluation and considered all of Plaintiff's impairments in reaching the RFC assessment.  In addition, the ALJ explicitly said that he considered the requirements of SSR 02-1p, which provides guidance for the evaluation of obesity.  *See* SSR 02-1p.  The court concludes that the ALJ's analysis was sufficient.  *See Arles v. Astrue*, 438 Fed. App'x 735, 740 (10th Cir. 2011) (noting that while "[t]he ALJ could have provided a more particularized discussion of the effects of [the claimaint]'s obesity," the ALJ's discussion of the effects of the claimant's obesity was adequate where, among other things, the ALJ specifically stated that he had evaluated the claimant's obesity under SSR 02-01p).  Moreover, even if Plaintiff had persuaded the court that the ALJ had erred, the court would nevertheless conclude that any such error was harmless because Plaintiff has not shown any prejudice.  *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."); *see also Fischer-Ross v. Barnhart*, 431 F.3d 729, 733-34 (10th Cir. 2005) (recognizing applicability of harmless error analysis in Social Security context).   Indeed, Plaintiff has not provided any specific limitations the ALJ should have included in Plaintiff's

RFC to account for her obesity. For those reasons, the court concludes that the ALJ did not err in his consideration of Plaintiff's obesity.

## CONCLUSION AND ORDER

Based on the foregoing, the court concludes that all of Plaintiff's arguments fail. Accordingly, **IT IS HEREBY ORDERED** that the Commissioner's decision in this case is **AFFIRMED**.

**IT IS SO ORDERED**.

DATED this 4th day of February, 2015.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge